### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONNIE M. CHANCE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-20-831-PRW |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) ) |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, initiated this action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. (ECF No. 1). United States District Judge Patrick R. Wyrick has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Following the requisite screening of Plaintiff's Complaint, the undersigned recommends the **TRANSFER** of this action to the United States District Court for the Eastern District of Oklahoma.

### I.    PLAINTIFF'S COMPLAINT

In his Complaint, Plaintiff asserts constitutional claims in violation of the First and Eighth Amendments, with each claim based on alleged events that occurred at the Jess Dunn Correctional Center (JDCC), in Taft, Oklahoma, within the County of Muskogee, State of Oklahoma. *See* ECF No. 1. Plaintiff identifies the following as Defendants: the Oklahoma Department of Corrections (ODOC) and three employees of JDCC—Jared Roberts, Starla Phillips, and Sharon McCoy. (ECF No. 1).

## II.  SCREENING OF PRISONER COMPLAINTS

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In addition, because Mr. Chance is proceeding *in forma pauperis,* the Court has a duty to screen the complaint. *See* 28 U.S.C. § 1915(e)(2). One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). "[T]he court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

## III.  VENUE

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action ...." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...." 28 U.S.C. § 1391(b)(1), (2). Plaintiff did not identify the residence of any named defendant. *See* ECF No. 1. However, Mr. Chance argues that venue is proper in this Court because "the Oklahoma Department of Corrections in their capacity conducts their headquarters in Oklahoma City, in the Western District of Oklahoma." (ECF No. 1:17). Even so, none of the events relevant to this lawsuit are alleged to have occurred within the Western District of Oklahoma. *See* ECF No. 1:19-50. Instead, Mr. Chance

alleges that Defendants Roberts, Phillips, and McCoy, all employees of JDCC, violated his First and Eighth Amendments while Plaintiff was housed at JDCC. *See* ECF No. 1:19-50. JDCC is located in Taft[1], Oklahoma in Muskogee County, Oklahoma. Thus, by Plaintiff's own admission, every "part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" there. 28 U.S.C. § 1391(b)(2); *see* ECF No. 1. Muskogee County is located within in the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Thus, venue is proper in that court. 28 U.S.C. § 1391(b)(2).

Because venue is proper in both districts, this Court may consider whether transfer to the Eastern District of Oklahoma would better serve the interests of justice. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...."). The Court should find that it is. As noted above, all of the underlying events actually took place in the Eastern District of Oklahoma. That is also the location of the Plaintiff. Accordingly, the undersigned recommends transfer to the Eastern District of Oklahoma under 28 U.S.C. § 1404(a).

## IV.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, the undersigned recommends **TRANSFER** of this matter to the United States District Court for the Eastern District of Oklahoma.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the

---

[1] The undersigned takes judicial notice of the location of JDCC. *See United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial ....").

District Court by **October 15, 2020**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**V.     STATUS OF THE REFERRAL**

This Report and Recommendation terminates the referral.

ENTERED on September 28, 2020.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE