IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONNIE CHANCE, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. CIV-20-00831-PRW |
| OKLAHOMA DEPARTMENT OF CORRECTIONS; JARRED ROBERTS, in his individual capacity; STARLA PHILLIPS, in her individual capacity; and SHARON McCOY, in her individual capacity, | ) |
|     Defendants. | ) |

**ORDER**

On September 28, 2020, U.S. Magistrate Judge Shon T. Erwin issued a Report and Recommendation (Dkt. 8) in this action, recommending that the case be transferred to the U.S. District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404(a) because such transfer would better serve the interests of justice. According to the Magistrate Judge, Plaintiff alleges that three employees of the Jess Dunn Correctional Center in Muskogee County, Oklahoma—i.e., Defendants Jarred Roberts, Starla Phillips, and Sharon McCoy—violated his First and Eighth Amendment rights while he was incarcerated there. Thus, venue would be proper in the U.S. District Court for the Eastern District of Oklahoma, which is located in Muskogee County, because "a substantial part of

the events or omissions giving rise to the claim occurred" in that judicial district.[1] Further, even if venue is also proper here, venue should be transferred there "[f]or the convenience of parties and witnesses, in the interest of justice."[2]

Plaintiff was advised of his right to object to the Report and Recommendation (Dkt. 8) by October 15, 2020, and that failure to make a timely objection would waive any right to appellate review of the recommended ruling. On October 13th, Defendant filed a Motion to Waive Objection (Dkt. 9), advising that he "waives his objection for the transfer of Case No: CIV-20-831-PRW from the Western District to the Eastern District of Oklahoma."[3] Accordingly, Plaintiff has waived his right to appellate review regarding transfer of venue.

Having reviewed this matter de novo,[4] the Court agrees with the Magistrate Judge that Plaintiff's action should be transferred to the U.S. District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404(a). As the basis for this conclusion, the Court adopts the analysis contained in the Report and Recommendation (Dkt. 8).

Accordingly, the Court:

(1) **GRANTS** Plaintiff's Motion to Waive Objection (Dkt. 9);

(2) **ADOPTS** the Report and Recommendation (Dkt. 8) issued by the Magistrate Judge on September 28, 2020; and

---

[1] 28 U.S.C. § 1391(b)(2) (2012).

[2] *Id.* § 1404(a).

[3] Pl.'s Mot. to Waive Obj. (Dkt. 9) at 1.

[4] 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).

    (2)    **TRANSFERS** this action to the U.S. District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED this 15th day of October, 2020.**

                                                                                    PATRICK R. WYRICK
                                                                                    UNITED STATES DISTRICT JUDGE