## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

RONNIE M. CHANCE,                    )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )          No. CIV 20-373-RAW-SPS
                                     )
OKLAHOMA DEPARTMENT                  )
OF CORRECTIONS, et al.,              )
                                     )
                    Defendants.      )

## OPINION AND ORDER

Plaintiff is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at his facility (Dkt. 1). The defendants are the Oklahoma Department of Corrections and three Jess Dunn Correctional Center employees: Jarred Roberts, Starla Phillips, and Sharon McCoy. After review of the complaint, the Court finds Plaintiff must file an amended civil rights complaint on this Court's form, as set forth below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid

dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and

citations omitted).  The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form.  The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983, with each defendant listed in both the caption and the body of the document.  Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a).  Plaintiff is responsible for providing sufficient information for service of process.  *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

Plaintiff has named the Oklahoma Department of Corrections as a defendant.  This agency, however, is entitled to dismissal under the Eleventh Amendment.  The Eleventh Amendment bars suits in federal court against a state, regardless of the relief sought.  When a state agency is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest."  Oklahoma has not consented to be sued in federal court, *see* Okla. Stat. tit. 51, § 152.1, and § 1983 does not abrogate states' sovereign immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice."  *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan County, Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).  Therefore, the Oklahoma Department of Corrections is DISMISSED WITHOUT

3

PREJUDICE and may not be named as a defendant in the amended complaint.

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The Tenth Circuit has explained that when a § 1983 plaintiff includes a "government agency and a number of government actors sued in their individual capacities," then "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). When a plaintiff instead uses "either the collective term 'Defendants' or a list of defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id*. at 1250 (citation omitted).

An amended complaint completely replaces the original complaint and renders the

4

original complaint of no legal effect.  *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990).  *See also* Local Civil Rule 9.2(c).  The amended complaint must include all claims and supporting material to be considered by the Court.  *See* Local Civil Rule 9.2(c).  It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits.  *Id*.  It may not include defendants or claims that are dismissed by this Order. Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, only one side of the paper may be used, and the margins on additional sheets of paper shall be a minimum of one (1) inch on the top, bottom, and sides.  The Court Clerk is directed to send Plaintiff a form for filing an amended complaint.

**ACCORDINGLY,**

1.    The Oklahoma Department of Corrections is DISMISSED WITHOUT PREJUDICE from this action.

2.    Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order.

3.    The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court.

4.    Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 22nd day of October 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

5